IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDI M. HOPKINS,, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-00436-N |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This action is before the Court on a motion (doc. 13) filed by the defendant, the Commissioner of Social Security ("Commissioner"), under sentence four of 42 U.S.C. § 405(g), to enter a judgment with a remand to the Commissioner for further administrative proceedings. It is the Commissioner's professed intent that, on remand, the Appeals Council will refer the case to an Administrative Law Judge for application of the special technique described in 20 C.F.R. §§ 404.1520a and 416.920a in evaluating Plaintiff's functional limitations resulting from her bipolar disorder. The Court is advised that the plaintiff has no objection to this requested relief. This action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R.Civ.Pro.73 (doc. 15) and pursuant to the consent of the parties (doc. 14).

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a

judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" it is **ORDERED** that the Commissioner's unopposed motion is hereby **GRANTED** and that the Commissioner's decision in this case is hereby **REVERSED** and the case **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. *See* Melkonyan v. Sullivan, 501 U.S. 89, 90 (1991). The remand pursuant to sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412 and terminates this Court's jurisdiction over this matter. *See* Shalala v. Schaefer, 509 U.S. 292, 298 (1993).

    **Done** this 5th day of January, 2010.

                                                /s/ KATHERINE P. NELSON
                                                UNITED STATES MAGISTRATE JUDGE