IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDI M. HOPKINS,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )    CIVIL ACTION NO. 09-00436-N
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
                                  )
    Defendant.                    )

ORDER

This action is before the Court on a petition (doc. 23) filed by plaintiff's counsel ("petitioner") for authorization to charge an attorney's fee pursuant to 42 U.S.C. § 406(b) in connection with his representation of the Plaintiff on her claims for a period of disability, Disability Insurance Benefits, and Supplemental Security Income benefits before this Court. This action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R.Civ.Pro.73 (doc. 15) and pursuant to the consent of the parties (doc. 14). Upon consideration of the motion, the Commissioner's conditional lack of opposition thereto (doc. 25), and all other pertinent portions of the record, the undersigned concludes that the motion is due to be granted on a specific condition.

Petitioner was hired by the plaintiff on June 30, 2009, to represent her in connection with her social security claims and agreed to pay to the petitioner an attorney's fee equal to 25% of any accumulated past-due benefits paid to her in the event

of the successful prosecution of her claim. The history of the proceedings are adequately set forth in petitioner's motion and are incorporated herein solely by reference. Upon remand of plaintiff's claims by this Court for further proceedings, plaintiff received a Fully Favorable Decision dated May 14, 2010. Plaintiff was found to be disabled and entitled to benefits commencing September 3, 2004, her alleged onset date. The petitioner has been verbally advised by the Social Security Administration that the total amount of plaintiff's past due benefits is $55,049.00. Petitioner requests that the amount of $13,762.25, representing 25% of the plaintiff's past-due benefits, be approved as an attorney's fee for legal services rendered to the plaintiff before this Court. This request is consistent with the contingency agreement (doc. 23-2) executed by the plaintiff when she retained the petitioner. Petitioner acknowledges that he was previously awarded fees of $3,938.18 (doc. 22) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which were paid by the Commissioner on April 26, 2010, but advises that these funds are being held in a trust account for distribution to the plaintiff pursuant to 42 U.S.C. § 406(b).

The Commissioner advises the Court that he does not object to petitioner's request, provided that petitioner refunds to the plaintiff the $3,938.18 previously awarded under the EAJA.[1] Such a position is consistent with the applicable law. *See e.g.*, Gisbrecht v. Barnhart, 535 U.S. 789, 795-98 (2002)(Fees awarded pursuant to § 406(b)

---

[1] Unlike attorney's fees awarded pursuant to sections 406(a) and 406(b), which are paid out of the claimant's past due benefits, attorney's fees awarded pursuant to the EAJA are paid directly by the government. See 28 U.S.C. § 2412.

are limited to 25% of a claimant's past due benefits and may be awarded in addition to any attorney's fees awarded pursuant to the EAJA provided "claimant's attorney must "refun[d] to the claimant the amount of the smaller [EAJA] fee.")

Consequently, it is **ORDERED** that petitioner's motion is hereby **GRANTED** in that he is herein authorized to charge to the plaintiff, Brandi M. Hopkins, an attorney's fee pursuant to 42 U.S.C. § 406(b) in the amount of $13,762.25 but must refund to the plaintiff the sum of $3,938.18 previously awarded under the EAJA. **JUDGMENT** shall be entered accordingly.

**Done** this 16th day of September, 2010.

/s/ Katherin P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE